WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bank of America, N.A., | No. CV-24-08002-PCT-DGC |
| Plaintiff, | **ORDER AND DEFAULT JUDGMENT** |
| v. | |
| Taylor A. Carver, | |
| Defendant. | |

Plaintiff Bank of America has filed a motion for default judgment against Defendant Taylor Carver pursuant to Federal Rule of Civil Procedure 55(b). Doc. 15. For reasons stated below, default judgment is appropriate and will be entered in the amount of $110,744.59.

**I.   Background.**

Plaintiff's verified complaint contains the following allegations. On August 2, 2022, Defendant entered into an installment sale contract to purchase a new Ford F-150 from Bell Ford. The amount financed under the contract was $86,699.49, with interest at 5.50%. The contract required Defendant to make 75 monthly payments of $1.339.94 beginning September 16, 2022. Bell Ford assigned the contract to Plaintiff, and the State of Arizona issued a certificate of title reflecting Plaintiff's lien on the vehicle. Doc. 1 ¶¶ 6-12.

Defendant made no payments to Plaintiff under the contract. On January 25, 2023, Defendant contacted Plaintiff by telephone, stated that he intended to pay off the outstanding loan amount, and authorized Defendant to debit his bank account in the amount of $87,213.75. Relying on the payoff authorization, Plaintiff released its lien on the vehicle on January 27, 2023. The account identified by Defendant for the payoff was nonexistent, and Plaintiff was unable to complete the payment. Upon discovering the fictitious payoff, Plaintiff reinstated the contract. *Id.* ¶¶ 13, 19-26.

After Plaintiff released the lien, Defendant sold the vehicle to Alain Eagles. Plaintiff did not consent to the sale and transfer of the vehicle to Mr. Eagles. *Id.* ¶¶ 28-30.

Plaintiff sent multiple default notices to Defendant beginning in March 2023. Based on Defendant's default, Plaintiff accelerated the loan under the terms of the contract and demanded payment of all amounts due as of April 30, 2023. Defendant has made no payment to Plaintiff. *Id.* ¶¶ 14-18, 32-33.

The complaint asserts state law claims against Defendant for breach of contract, conversion, unjust enrichment, fraud, and misrepresentation. *Id.* ¶¶ 35-83. The complaint requests a judgment against Defendant for the principal sum owed of $84,699.49, plus applicable interest. *Id.* ¶ 34, at 11-12.

Defendant was served with process on March 15, 2024 (Doc. 9), but has not appeared in this action. Pursuant to Rule 55(a), the Clerk entered Defendant's default on May 24, 2024. Doc. 12. Plaintiff filed its motion for default judgment on September 19, 2024. Doc. 15. Defendant has filed no response and the time for doing so has expired. *See* Fed. R. Civ. P. 6; LRCiv 7.2(c).

**II.    Default Judgment.**

After the clerk enters default, the district court may enter default judgment pursuant to Rule 55(b). The court's "decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). While the court it is not required to make detailed findings of fact, *see Fair Housing of Marin v.*

*Combs*, 285 F.3d 899, 906 (9th Cir. 2002), it should consider several factors: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether default is due to excusable neglect, and (7) the policy favoring decisions on the merits, *see Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

### A.    Prejudice to Plaintiff.

The first *Eitel* factor "considers whether the plaintiff will suffer prejudice if default judgment is not entered." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). This factor favors default judgment where the defendant fails to answer the complaint because the plaintiff "would be denied the right to judicial resolution of the claims presented, and would be without other recourse for recovery." *Marquez v. Chateau Hosp., Inc.*, No. CV-20-0107 FMO (RAOx), 2020 WL 5118077, at *2 (C.D. Cal. June 11, 2020); *see PepsiCo*, 238 F. Supp. 2d at 1177 (same).

Despite being served with process more than seven months ago, Defendant has not responded to the complaint. If default judgment is not entered, Plaintiff likely will be without recourse. The first *Eitel* factor favors default judgment.

### B.    Merits of the Claims and Sufficiency of the Complaint.

These *Eitel* factors are often analyzed together and require the court to consider whether the complaint states a plausible claim for relief under the Rule 8 pleading standards. *See PepsiCo*, 238 F. Supp. 2d at 1175; *Best W. Int'l Inc. v. Ghotra Inc.*, No. CV-20-01775-PHX-MTL, 2021 WL 734585, at *3 (D. Ariz. Feb. 25, 2021); *Danning v. Lavine*, 572 F.2d 1386, 1388-89 (9th Cir. 1978). A claim is plausible when it is brought under a cognizable legal theory and the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must accept the allegations of the complaint as true when applying these *Eitel* factors. *See Ghotra*, 2021 WL 734585, at *2 (citing *TeleVideo*

*Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)); *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

A review of the complaint and executed contract shows that Plaintiff has stated plausible claims for relief against Defendant. Docs. 1, 15-1. The second and third *Eitel* factors favor default judgment.

### C. Amount of Money at Stake.

Under the fourth *Eitel* factor, courts consider the amount of money at stake in relation to the seriousness of the defendant's conduct. Plaintiff seeks judgment on its claims in the amount of $89,277.12 – the balance due on the contract as of the May 29, 2023 charge-off date. Doc. 15 at 5. Defendant's alleged failure to pay Plaintiff the amount due under the contract is a serious breach of the parties' agreement. The Court concludes that this factor weighs in favor of default judgment. Plaintiff has also established its entitlement to and the reasonableness of $21,467.47 in attorneys' fees and costs. *Id.* at 5-6; Docs. 15-2, 15-3; *see* LRCiv 54.2.[1]

### D. Potential Factual Disputes.

"This factor turns on the degree of possibility that a dispute concerning material facts exists or may later arise." *Talavera Hair Prods., Inc. v. Taizhou Yunsung Elec. Appliance Co.*, No. 18-CV-823 JLS (JLB), 2021 WL 3493094, at *15 (S.D. Cal. Aug. 6, 2021) (citing *Eitel*, 782 F.2d at 1471-72). Where the defendant "defaults by refusing to answer and defend, the allegations in the well-pleaded complaint are presumed true and . . . there is no possible dispute of material facts." *D.A. v. Witt*, No. 2:17-CV-0337-MCE-DMC, 2021 WL 2802932, at *4 (E.D. Cal. July 2, 2021); *see Talavera*, 2021 WL 3493094, at *15 ("[A]ny purported factual dispute appears settled, as there is no indication that the Defaulted Defendants will defend against the action."). The fifth *Eitel* factor supports default judgment.

---

[1] While the Court normally would wait until after entry of judgment to award attorneys' fees and costs, there is no point in doing so given Defendant's failure to respond to the complaint or any other filing in this case. Delaying the award would only multiply proceedings unnecessarily and require Plaintiff to incur additional expense.

### E. Whether Default Was Due to Excusable Neglect.

Plaintiff has filed affidavits showing proper service of process on Defendant under Rule 4.  Docs. 9, 11.  It therefore is "unlikely that [Defendant's] failure to answer and the resulting default was the result of excusable neglect."  *Gemmel v. Systemhouse, Inc.*, No. CIV 04-187-TUC-CKJ, 2008 WL 65604, at *5 (D. Ariz. Jan. 3, 2008).  This factor favors default judgment.

### F. Policy Favoring Decisions on the Merits.

Cases "should be decided upon their merits whenever reasonably possible," *Eitel*, 782 F.2d at 1472, but the mere existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive," *PepsiCo, Inc.*, 238 F. Supp. at 1177.  Because Defendant's failure to respond "makes a decision on the merits impractical, if not impossible," *Gemmel*, 2008 WL 65604, at *5, this factor favors default judgment.

### G. Conclusion.

Each *Eitel* factor favors default judgment.  The Court will enter default judgment against Defendant and award Plaintiff $110,744.59 in damages, fees, and costs.

**IT IS ORDERED:**

1. Plaintiff's motion for default judgment (Doc. 15) is **granted**.

2. Default judgment is entered in favor of Plaintiff Bank of America N.A. and against Defendant Taylor A. Carver in the amount of **$110,744.59**.

Dated this 24th day of October, 2024.

David G. Campbell
Senior United States District Judge